ed to the proper officer of the treasury for settlement, and disallowed.

THE COURT (THRUSTON, Circuit Judge, absent), at May term, 1822. decided that the third auditor could not authenticate a copy 'of the bond; his power of authentication, under the act of March 3. 1817 (3 Stat. 366), extending only to "transcripts from the books and proceedings of the treasury in regard to the accounts of the war department," and that copies of bond must still be certified by the register, and authenticated under the seal of the department, according to the act of March 3, 1797 (1 Stat. 512).

## Case No. 15,264.

### UNITED STATES v. GRIMES.

[See Case No. 3,393.] .

UNITED STATES (GRIMES v.). See Case No. 5,828.

## Case No. 15,265. ·

### UNITED STATES v. GRIMES.

[Hoff. Land Cas. 137.] 1

District Court, N. D. California. June Term, 1856.

MEXICAN LAND GRANT — PERFORMANCE OF CONDITIONS—LOCATION.

· No objections to the confirmation of this claim.

Claim for four and a half leagues of land in Sacramento county, confirmed by the board, and appealed by the United States.

[This was a claim by Hiram Grimes for the Rancho San Juan, situated in Placer and Sacramento counties. Granted December 24, 1844, by Manuel Micheltorena to Joel P. Dedmond. Claim filed April 13, 1852. Confirmed by the commission May 8, 1855, and now heard upon appeal by the United States.]

William Blanding, U. S. Atty.
A. C. Whitcomb, for appellee.

HOFFMAN, District Judge. The claimant in this case derives his title by deed from Joel P. Dedmond, the original grantee. The grant issued to Dedmond by Governor Micheltorena on the twenty-fourth of December, 1844, is duly proved, and the expediente containing the petition, diseño and other usual documents, is found in the archives. With regard to the performance of the conditions there is some discrepancy in the testimony. But the witness O'Brien is shown not to have been in the country at the time he swears that no house existed, and his character would seem to be such as to entitle his testimony, even if uncontradicted, to but little weight. But the testimony of Buzzell,

Wyman and Leahey, witnesses to whom Hicks, who was sworn on behalf of the United States, expressly refers as best acquainted with the facts, shows beyond all reasonable doubt that a house was built and a portion of the land cultivated as required by the conditions; and the rancho seems to have been in the possession of Dedmond and his grantees Sinclair and Grimes, up to the present time. The location of the land is said by the commissioners to have been established with sufficient, though not with great, precision. In the grant it is described as bounded on the west by the place belonging to Señor Grimes, on the south by the American river, on the east by the foot of the Sierra Nevada, and on the north by vacant lands, being in extent from east to west three leagues, and from north to south one league and a half. The claimant has put in evidence the expediente in the case of E. Grimes, whose land El Paso is one of the ' boundaries of the rancho now claimed. It appears by this expediente that the location and boundaries of El Paso are defined with unusual precision, a point of beginning being distinctly stated, and the courses and distances of all the lines given. There would seem, therefore, with the boundary line which separates El Paso from the Rancho of San Juan now claimed, accurately established, with the American river and the foot of the Sierra as the limits on the south and east, and the extent of the land from north to south and from east to west expressly stated, to be no difficulty in locating this with all the accuracy necessary. This claim was confirmed by the board. No new testimony has been taken in this court, nor has any argument been offered or suggestion made to the court of any reason for reversing the decision of the commissioners. 'I think that a decree confirming the claim should be entered.

## Case No. 15,266.

### UNITED STATES v. GRISWOLD.

[5 Sawy. 25; 1  10 Chi. Leg. News. 50.]

District Court, D. Oregon.  Oct. 9, 1877.

QUI TAM ACTION—ARREST—AFFIDAVIT.

1. The action provided for in sections 3490-3493, of the Revised Statutes, to recover a penalty and damages for making a false claim against the United States is a qui tam one, and may be commenced by any person who will, without the previous authority or consent of the district attorney of the United States, and therefore the complaint in such an action need not be subscribed by such district attorney, but the same is sufficiently "subscribed by the party or his attorney" within the meaning of sections 79 and 81 of the Oregon Civil Code, when it is "subscribed" by the attorney of the person who brings such action.

[Cited in U. S. v. Griswold. 24 Fed. 364.]

---

1 [Reported by Numa Hubert, Esq., and here reprinted by permission.]

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]